**FILED**
SUPERIOR COURT
OF GUAM

2020 AUG 14 PM 1: 53

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0420-20 |
| vs. | **DECISION AND ORDER** |
| MARK ANTHONY DUENAS, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 14, 2020, for hearing on Defendant Mark Anthony Duenas's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present via Zoom from Guam Behavioral Health and Wellness Center with counsel Assistant Public Defender Kristine Borja. Assistant Attorney General Brendlynn Joseph was present on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on August 14, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On August 10, 2020, Defendant was indicted with the following charges: (1) Terrorizing (As a Third Degree Felony); (2) Family Violence (As a Third Degree Felony); (3) Criminal Mischief (As a Misdemeanor); and (4) Violation of a Court Order (As a Misdemeanor).

(Indictment, Aug. 10, 2020). These charges stem from allegations that Defendant threw a fit and broke several household items, including a television, bedroom doors and windows, yelled profanities at his father, and threatened to kill his father and his neighbors if he was not given a million dollars. (Decl. of Richelle Y. Canto, Magistrate's Compl., Jul. 28, 2020). Defendant's father had to be hospitalized as a result of this incident. *Id.*

On August 6, 2020, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $3,000 cash bail. *See* Commitment Order, Jul. 28, 2020. Defendant currently remains in the custody and care of Guam Behavioral Health and Wellness Center.

The Government did not file a response to the Motion for Bail Redetermination, but orally indicated that it opposed Defendant's release.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($3,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Aug. 6, 2020.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
> (2) the history and characteristics of the person charged, including:
>> (i)  length of his/her residence on Guam;
>> (ii)  his/her employment status and history, and financial condition;
>> (iii)  his/her family ties and relationships;
>> (iv)  his/her reputation, character and mental and physical condition;

(v)     his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi)     his/her history relating to drug or alcohol abuse;

(vii)     the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii)     whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix)     his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a United States citizen who has lived on Guam all his life. *See generally*, Mot. Bail Redetermination, Aug. 6, 2020. Within the Motion, counsel also represents to the Court that Defendant was a client of GBHWC in the past and has certain medical conditions. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to follow court orders. Defendant has a prior Family Violence case with the same victim, CF0037-19, which remains in pre-trial status. In CF0037-19, Defendant is charged with Family Violence (As a Third Degree Felony) and Reckless Conduct (As a Misdemeanor). (Indictment, CF0037-19, Jan. 31, 2019). A Violation Report was filed in that matter last December, whereby Probation alleged that Defendant violated orders not to assault, threaten or harass his father by behaving aggressively towards them. *See* 1st Violation Report, CF0037-19, Dec. 23, 2020. Defendant now faces additional charges of Terrorizing (As a Third Degree Felony), Family Violence (As a Third Degree Felony), Criminal Mischief (As a Misdemeanor), and Violation of a Court Order (As a Misdemeanor). (Indictment, Aug. 10, 2020).

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

//

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination.

**IT IS SO ORDERED,** this 14th day of August, 2020.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam